**KOLLER LAW LLC**
David M. Koller, Esquire *Attorney for Plaintiff*
ATTY ID No. 037082002
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CALVIN ANDERSON** | : | |
| **405 First Avenue** | : | **Civil Action No.** |
| **Asbury Park, NJ 07712** | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **NEW JERSEY RESOURCES d/b/a** | : | |
| **NEW JERSEY NATURAL GAS,** | : | |
| **1415 Wyckoff Road** | : | **COMPLAINT AND JURY** |
| **Wall, NJ 07719** | : | **DEMAND** |
| | : | |
| **Defendant.** | : | |
| | : | |

## CIVIL ACTION

Plaintiff Calvin Anderson, by and through his attorney, bring this civil matter against Defendant New Jersey Resources d/b/a New Jersey Natural Gas alleging he was subject to unlawful violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the New Jersey Law Against Discrimination ("NJLAD"), and Section 1981, and avers and alleges as follows:

## THE PARTIES

1. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

1

2. Plaintiff is an African-American male.

3. Plaintiff resides at the above captioned address.

4. Defendant New Jersey Resources d/b/a New Jersey Natural Gas (hereinafter "Defendant") is a energy and natural gas provider that is headquartered at the above captioned address.

5. Plaintiff is currently employed by Defendant at the aforementioned address since December 5, 1988.

6. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job responsibilities.

## JURISDICTION AND VENUE

7. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff exhausted his administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

14. On or around February 4, 2016, Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging race and disability discrimination against Defendant.

15. The Charge was assigned a Charge Number of 524-2016-00622 and was duly filed with the New Jersey Division on Civil Rights ("NJDCR").

16. Plaintiff received a Notice of Right to Sue relative to the Charge dated November 8, 2016. A true and correct copy of this Charge is attached and incorporated herein as Exhibit "A".

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of the Notice of Right to Sue letter relative the Charge.

18. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

## FACTUAL SUMMARY

## PLAINTIFF'S EMPLOYMENT HISTORY

19. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20. On December 5, 1988, Defendant hired Plaintiff.

21. Plaintiff worked in Defendant's Applied Services Department.

22. Plaintiff was qualified for this position and performed well.

23. In or around 1993, Plaintiff was diagnosed with dyslexia.

24. Plaintiff has difficulty reading and processing the written word due to dyslexia.

25. In 1993, Plaintiff began to work as a "24 month mechanic" apprentice.

26. That same year, Plaintiff was in the process of training for a "48 month mechanic" position.

27. Plaintiff was qualified for this position and had, in fact, been performing the job responsibilities of a "48 month mechanic" since the start of his employment with Defendant.

## **PLAINTIFF WAS DENIED A REASONABLE ACCOMMODATION THAT OTHERS OUTSIDE OF HIS PROTECTED CLASS WERE GIVEN**

28. As part of the training to be a "48 month mechanic" Plaintiff was required to take a written test.

29. Plaintiff requested an accommodation in the form of a verbal test from Ed Glanning (Caucasian), Foreman, and Paul Russo (Caucasian), Supervisor due to his disability of dyslexia.

30. Mr. Glanning and Mr. Russo denied Plaintiff's accommodation request.

31. Mr. Glanning and Mr. Russo then removed Plaintiff from the "48 month mechanic" training and placed him in the position of "24 month mechanic."

32. Upon information and belief, Mr. Glanning and Mr. Russo provided this same accommodation to John Murphy (Caucasian), Anthony Motorallo (Caucasian), Mark Basstin (Caucasian), and Matt LNU (Caucasian).

33. Upon information and belief, Mr. Glanning and Mr. Russo gave Gabe LNU (Hispanic) a

testing accommodation due to difficulty with English.

34. The pay differential between a "24 month mechanic" and a "48 month mechanic" is approximately $10 per hour.

## PLAINTIFF WAS HARASSED BECAUSE OF HIS DISABILITY

35. Following Plaintiff's placement into the "24 month mechanic" position, Plaintiff's coworkers became aware of his disability and routinely mocked and harassed him for it.

36. Plaintiff's coworkers, including, but not limited to, Tony Izzo (Caucasian), Supervisor, and Dennis Rourk (Caucasian), Supervisor, constantly harassed Plaintiff because of his dyslexia and discussed Plaintiff's disability with colleagues.

37. In or around August 2015, Plaintiff was harassed by Eugene Hicks (African-American), Foreman, because of his disability.

38. Mr. Hicks was making disparaging remarks to and about Plaintiff because of dyslexia.

39. Later that month, Plaintiff went to Defendant's legal department and formally complained about Mr. Hicks' harassment.

40. On October 26, 2015, James H. Martin, Assistant General Counsel, sent Plaintiff a letter stating that an investigation was completed regarding Plaintiff's complaint but, insufficient evidence was found.

41. Mr. Hicks was not disciplined for his harassing behavior towards Plaintiff.

42. Upon information and belief, Defendant did not conduct a proper investigation.

## PLAINTIFF WAS DENIED PROMOTIONS/TRANSFERS AND NOT GIVEN A REASONABLE ACCOMMODATION

43. In or around 2005, Plaintiff inquired about an opening for a position as a First Responder.

44. Roy Holtz (Caucasian), Training Director, notified Plaintiff that if he failed the test for the

First Responder position, he would not be returned to a "24 month mechanic" position but, instead would be terminated from Defendant.

45. Because of Mr. Holtz's statement, Plaintiff did not apply for the First Responder position.

46. In August 2015, Plaintiff applied for a position in the Pressure, Measurement and Transmission ("PMT") department.

47. This position required Plaintiff to undergo Operator Qualification training ("OQ Training").

48. On September 11, 2015, Plaintiff requested an accommodation for the written portion of the OQ Training.

49. Defendant notified Plaintiff that he would have to submit documentation of his disability to the Northeast Gas Association.

50. However, Defendant did not provide Plaintiff with the necessary documents to request an accommodation.

51. On October 23, 2016, Plaintiff met with Don Foley (Caucasian), Union Representative, Brian Emberson (Caucasian), Supervisor, and Trish LNU (Caucasian), Human Resources Director concerning his reasonable accommodation for the OQ Training required for the position in the PMT department.

52. At this meeting, Plaintiff was given the accommodation request documents required by the Northeast Gas Association.

53. Shortly afterwards, Plaintiff submitted the accommodation request documents to Northeast Gas Association.

54. However, Plaintiff did not receive notice that his accommodation request was granted or denied.

55. Plaintiff was unable to receive the necessary OQ Training for the position in the PMT

department.

56. It is Plaintiff's position that he was discriminated against due to his race and disability.

## COUNT I - RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

57. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

58. Plaintiff is a member of protected classes in that he is African-American.

59. Plaintiff was qualified to perform the job for which he was hired.

60. Plaintiff suffered adverse job actions, including, but not limited to lack of promotion.

61. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

62. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

63. Defendant discriminated against Plaintiff on the basis of race.

64. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

65. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

66. *Respondent superior* liability exists such that Defendant is strictly liable for the actions of its supervisors.

67. Defendant is not entitled to an affirmative defense.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## NEW JERSEY LAW AGAINST DISCRIMINATION

68. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

69. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (African-American).

70. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

71. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

72. Plaintiff is disabled under the ADA.

73. Plaintiff requested a reasonable accommodation for written tests, necessary for promotion.

74. Defendant refused to accommodate Plaintiff.

75. Defendant failed to engage in the interactive process with Plaintiff.

76. As a result of Defendant's failures, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – FAILURE TO ACCOMMODATE
## NEW JERSEY LAW AGAINST DISCRIMINATION

77. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

78. Plaintiff is disabled under the NJLAD.

79. Plaintiff requested an accommodation for written tests, necessary for promotion.

80. Defendant refused to accommodate Plaintiff.

81. As a result of Defendant's failures, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – DISPARATE PAY
### SECTION 1981

82. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

83. Plaintiff performed the same job duties as coworkers outside of his protected class.

84. Plaintiff's Caucasian coworkers were paid more solely on the basis of their race.

85. Defendant did so intentionally.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Calvin Anderson, requests that the Court grant him the following relief against Defendant:

    (a)    Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

    (b)    Compensatory damages;

    (c)    Punitive damages;

(d) Liquidated damages;

(e) Emotional pain and suffering;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgment interest;

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of TITLE VII, the ADA, and the NJLAD.

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW LLC**

Date: February 9, 2017

By: *David M. Koller, Esq*
David M. Koller, Esquire – 037082002
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215)-545-8917
F: (215)-575-0826

*Counsel for Plaintiff*